UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANAL GILBERT** | **CIVIL ACTION NO. 6:15-cv-0170** |
| **LA. DOC #533104** | |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **WARDEN JAMES ROGERS** | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Manal Gilbert, an inmate in the custody of the Louisiana Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on January 28, 2015.  In general, petitioner attacks her 2008 convictions for various drug related offenses and her sentences totaling 30 years imposed by the Sixteenth Judicial District Court for Iberia Parish, Louisiana.  More specifically, Gilbert attacks the revocation of her probation in 2012 and errors allegedly committed by the Louisiana courts with regard to her attempts to obtain judicial review. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

For the following reasons, **IT IS RECOMMENDED** that Claims 1 and 2 of the instant petition for *habeas corpus* be summarily **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases and that Claims 3, 4, and 5 be **DENIED AND DISMISSED WITH PREJUDICE** because those claims were not properly exhausted and are now procedurally defaulted.

**Statement of the Case**

On October 20, 2005, petitioner was charged with possession with intent to distribute marijuana, possession of clonazepam, and possession of drug paraphernalia in a criminal prosecution assigned Docket Number 05-CR-1798 of the Sixteenth Judicial District Court for Iberia Parish, Louisiana. [Doc. 1-2, p. 9; Doc. 1-3, Exhibit B, p. 5]. On November 20, 2006, petitioner was charged with distribution of marijuana in a criminal prosecution assigned Iberia Parish Docket Number 06-CR-1990. [Doc. 1-2, p. 9; Doc. 1-3, Exhibit C, p. 6].

On January 23, 2008, petitioner entered into a plea agreement. The plea agreement stipulated that in return for her guilty pleas to the charges of possession with intent to distribute marijuana and distribution of marijuana, petitioner would be sentenced to serve concurrent sentences of 30 years at hard labor, all of which would be suspended, except for the time petitioner served awaiting trial and, further, that petitioner would be placed on supervised probation for 5 years under the usual conditions of probation along with some additional conditions. [Doc. 1-3, Exhibit F, p. 49].

On that same date, January 23, 2008, petitioner pled guilty to the two charges in accordance with terms of her plea agreement and the agreed upon sentence was imposed; all other pending charges were dismissed. [Doc. 1-2, p. 10; Doc. 1-3 Exhibits D and E, pp. 7-44 (transcript) and 45-48 (court minutes)]. In connection with her guilty plea, petitioner expressly waived her right to an appeal. [Doc. 1-3, Exhibit D, pp. 20-21].

On April 27, 2010, petitioner was found to be in violation of her probation and she

was ordered to serve 90 days in the custody of the Department of Corrections. [Doc. 1-2, p. 10; Doc. 1-3, Exhibit G, p. 50].

On November 30, 2011, petitioner was arrested and charged with a variety of drug offenses. [Doc. 1-3, p. 71]. Thereafter, on August 27, 2012, based upon her alleged commission of these additional offenses, petitioner was found to be in violation of her probation. As a consequence, her probation was revoked and petitioner was ordered to serve the remainder of her 30 year sentence. [Doc. 1-2, pp. 10-11].

On September 7, 2012, petitioner filed a *pro se* Motion to Vacate and Re-Sentence, alleging that the initial plea offer was illegal; the motion was denied by the District Court after an evidentiary hearing held on November 13, 2012. [Doc. 1-2, p. 11]. It does not appear that petitioner sought further review of the denial of this motion.[1]

On May 29, 2013, petitioner filed a *pro se* "Motion for Out of Time Appeal" in the District Court. In that pleading, petitioner claimed that she was denied the right to appeal her August 27, 2012 probation revocation proceeding because counsel failed to file a timely notice of appeal. She also submitted additional claims that she received ineffective assistance of counsel because counsel failed to file a timely notice of appeal (presumably with respect to her original January 23, 2008 conviction and sentencing), and allowed her to enter a guilty plea wherein she was to receive an excessive sentence of 30 years as a first offender. Petitioner therefore asked the Court to grant an out-of-time appeal and to

---

[1]*See* fn. 3, *infra.*

appoint appellate counsel. [Doc. 1-2, p. 11; Doc. 1-3, Exhibit H, pp. 51-55]. On June 3, 2013, the District Court, citing *State v. Dixon*, 00-0516 (La. App. 3 Cir. 6/7/2000), 768 So.2d 99[2], construed the motion as an Application for Post-Conviction Relief and denied the Application without comment. [Doc. 1-2, p. 11; Doc. 1-3, Exhibit I, pp. 56-58].

On June 12, 2013, petitioner filed a Motion for Appeal. [Doc. 1-3, Exhibit J, p. 59[3]]. The motion was apparently granted on June 17, 2013 and the Louisiana Appellate Project was appointed. [Doc. 1-2, p. 11; 1-3, pp. 124 and 132].

On November 20, 2013, the Third Circuit Court of Appeal lodged the record for the appeal. However, on December 2, 2013, the Third Circuit issued a rule to show cause why the matter should not be dismissed since the judgment petitioner was attacking – the revocation of her probation – was not an appealable judgment under Louisiana law. The responsive brief submitted by the Appellate Project on December 26, 2013 stated, "On May 29, 2013, Manal Gilbert filed a *pro se* motion for an out of time appeal on the basis that she was denied an appeal of the revocation of her probation on August 27, 2012." [Doc. 1-3, Exhibit N, p. 124].

---

[2] In *Dixon* the Third Circuit held that the defendant's "motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief . . ." seeking an out-of-time appeal.

[3] The Notice of Appeal submitted by petitioner indicates that the motion relates to the appeal of the judgment dated "December Nov. 13, 2012", which was the date that the District Court denied her Motion to Vacate and Re-Sentence. [Doc. 1-2, p. 11]. However, it does not elsewhere appear in any of the pleadings submitted for this Court's review that the appeal pertained to that motion. Indeed, as set forth above, the pleadings filed on behalf of petitioner by the Louisiana Appellate Project reveal that the appeal pertained to petitioner's "Motion for Out of Time Appeal" which was construed by the District Court as an Application for Post-Conviction Relief.

Thereafter, the Louisiana Appellate Project acknowledged that the judgment revoking petitioner's probation was non-appealable, but requested that the petitioner be permitted to file an application for supervisory writs, the proper procedural vehicle for judicial review. [Doc. 1-3, Exhibit N, pp. 119-135]. The appeal was dismissed on February 5, 2014 and petitioner was directed to file her supervisory writ application within 30 days of that date. *State of Louisiana v. Manal Gilbert*, 2013-1324 (La. App. 3 Cir. 2/5/2014), 131 So.3d 1134 (Table), 2014 WL 467314 and 2013-1325 (La. App. 3 Cir. 2/5/2014), 131 So.3d 1134 (Table), 2014 WL 467329. [*See also* Doc. 1-3, Exhibit O, pp. 136-141]. Petitioner apparently did not file a supervisory writ application in the Louisiana Third Circuit Court of Appeal as instructed because, as discussed below, she had already filed a supervisory writ application. [Doc. 1-2, p.12[4]].

On September 9, 2013, before the dismissal referenced above, petitioner had filed a *pro se* Application for Writ of Review "From the Denial of Appellant's Application for Post-Conviction Relief" in the Third Circuit Court of Appeal. Therein petitioner advised that she sought review "from adverse ruling on an Application for Post-Conviction/Out-of-Time Appeal, issued by the 16th Judicial District Court of the State of Louisiana on June 3, 2013." Petitioner presented five "Issues/ Assignments of Errors" paraphrased as follows:

(1) The trial court denied petitioner her rights to judicial review and access to the

---

[4]Petitioner explains that she had not received notification that counsel had been appointed and, accordingly, had already filed a *pro se* writ application. [Doc. 1-2, p. 12].

5

court when it denied her application for post-conviction relief without ruling on the merits of her ineffective assistance of counsel claims;

(2) The trial court erred when it denied her claim of ineffective assistance of counsel during sentencing;

(3) Petitioner was denied effective assistance of counsel because under Louisiana law such claims had to be raised in an initial review collateral proceeding and, there was either no counsel or ineffective counsel in that proceeding;

(4) The trial court imposed an excessive sentence in violation of the Eighth and Fourteenth Amendments;

(5) The trial court imposed a sentence which did not comply with the provisions of La. C.Cr.P. art. 894.1 by failing to consider mitigating factors and instead giving more weight to minimal aggravating factors. [Doc. 1-2, p. 11; Doc. 1-3, Exhibit K, pp. 60-88].

On October 16, 2013, the Third Circuit denied writs finding "no error in the trial court's June 3, 2013 ruling denying Relator's motion for out-of-time appeal." *State v. Gilbert*, No. KH 13-01033. [Doc. 1-2, p. 11; Doc. 1-3, Exhibit L, p. 89].

On November 7, 2013, petitioner submitted a *pro se* writ application to the Louisiana Supreme Court seeking review of the Third Circuit's October 16, 2013 ruling under Docket Number KH 13-01033. This writ application was identical to the pleadings filed in the Third Circuit. [Doc. 1-2, p. 12; Doc. 1-3, Exhibit M, pp. 90-118]. On October

31, 2014, the Louisiana Supreme Court denied writs without comment.[5] *State of Louisiana ex rel. Manal Gilbert v. State of Louisiana*, 2013-2653 (La. 10/31/2014), 152 So.3d 143. [*See also* Doc. 1-3, Exhibit A, p. 4].

Petitioner filed the instant petition on January 28, 2015. She argues the same five claims for relief raised in her writ applications in the Third Circuit and Louisiana Supreme Court. [Doc. 1-2, p. 8].

## Law and Analysis

## Claims 1and 2

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, following examination of the pleadings by the court, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) *citing* Rule 4, Advisory Committee Notes ("The district court has

---

[5]On June 18, 2014, petitioner filed a *pro se* Motion to Correct Illegal Sentence and Invalid Plea Agreement in the District Court. Therein petitioner alleged that her guilty plea was "unknowingly made therefore rendering an illegal sentence. . . ." She alleged that not only was she confused about the parameters of the plea agreement with regard to the sentence, but also that she was under the influence of Xanax and thus "not fully aware of the proceedings. . . ." [Doc. 1-3, Exhibit Q, pp. 150-159]. Accordingly, on June 25, 2014, petitioner filed a *pro se* Motion for Stay and Hold Writ of Certiorari in Abeyance in the Louisiana Supreme Court. By that pleading petitioner asked the Louisiana Supreme Court to hold her writ in abeyance until the Sixteenth Judicial District Court ruled on her motion to correct an illegal sentence and invalid plea agreement. [Doc. 1-3, Exhibit P, pp. 142-149]. On August 25, 2014, the District Court, noting that petitioner's "claims are by nature Post Conviction Relief and Reconsideration of Sentence", denied the pleading as "both untimely and without merit." [Doc. 1-3, Exhibit R, pp. 160-161]. On some unspecified date, presumably after the the District Court's August 25, 2014 ruling, petitioner filed a "Motion to Rescind Motion for Stay and Hold Writ of Certiorari in Abeyance" in the Louisiana Supreme Court which asked the Court to "proceed with the review of her writ". [Doc. 1-3, Exhibit S, pp. 162-166].

the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'").

Based upon the court's review of the pleadings and exhibits attached thereto, petitioner is not entitled to relief on Claims 1 and 2, and accordingly, these claims must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner claims the trial court erred when it denied her application for post-conviction relief without ruling on the merits of her ineffective assistance of counsel claims and when it denied her claim of ineffective assistance of counsel during her original sentencing.

Initially, the Court notes that contrary to petitioner's present allegations, the state District Court did, in fact, deny all of petitioner's ineffective assistance of counsel claims on the merits. That decision was issued without written reasons by the Court.

As noted above, in her Motion for Out-of-Time Appeal, petitioner argued that counsel was ineffective for failing to file a notice of appeal of the revocation of her probation and of her original conviction and sentencing. However, petitioner pled guilty and was sentenced in accordance with a plea agreement, the terms of which are of record. [Doc. 1-3, Exhibit F, p. 49; Doc. 1-2, p. 10; Doc. 1-3 Exhibits D and E, pp. 7-44 (transcript) and 45-48 (court minutes)]. Therefore, under Louisiana law petitioner could

not appeal or otherwise seek direct review of her conviction or her sentence.[6] Furthermore, petitioner expressly waived her right to an appeal during her plea proceeding. [Doc. 1-3, Exhibit D, pp. 20-21]. Similarly, with respect to the revocation of petitioner's probation, under Louisiana law, there is no right to an appeal.[7] Thus, counsel was not ineffective for failing to file a notice of appeal on petitioner's behalf in either proceeding.

Petitioner additionally argues that the state District Court improperly converted her Motion to an Application for Post-Conviction relief. Federal courts "do not sit as a super state supreme court . . . ." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). Thus, it is not the province of this court to determine if the state courts properly applied state law. *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 480 (1991)*; Narvaiz v. Johnson*, 134 F.3d 688 (5th Cir. 1998). Accordingly, to the extent that petitioner claims that the state court's violated state law, petitioner's claim is not cognizable on federal *habeas* review and should be dismissed.

Moreover, it is clear that petitioner's Motion was properly converted to a Post-

---

[6] Under Louisiana law, petitioner could not appeal her conviction since her guilty plea waived all non-jurisdictional pre-plea defects. *See State v. Crosby*, 338 So.2d 584 (La. 1976). Nor could she have appealed her sentence since it was imposed in conformity with the plea agreement. *See* La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

[7] *See Clavelle v. State,* 861 So.2d 186 (La. 2003); *State v. Manuel,* 349 So.2d 882 (La. 1977); *State v. Williams*, 947 So.2d 47 (La. App. 5th Cir. 2006); *State v. McDougald*, 829 So.2d 525 (La. App. 5th Cir. 2002). In this case, the record reveals that petitioner herself improperly filed a Notice of Appeal. Counsel thereafter sought to correct this error by requesting that the Third Circuit Court of Appeal allow petitioner to file a supervisory writ application, which request, as set forth above, was granted.

Conviction Relief Application under Louisiana law. *See State v. Counterman*, 475 So.2d 336 (1985) (holding that the proper procedural vehicle for a defendant to seek the exercise of her right to appeal after the delay provided by the code has expired is by application for post-conviction relief); *State v. Truitt,* 500 So.2d 355, 359 (La. 1987) ("The appropriate avenue for asserting a claim for ineffective assistance of counsel is through post-conviction relief, not by direct appeal."); *State v. Peart*, 621 So.2d 780, 787 (La. 1993) (same); *State v. Burkhalter*, 428 So.2d 449, 456 (La.1983) (same).

Finally, to the extent that petitioner argues that she is entitled to federal *habeas corpus* relief because of errors committed by the trial court in denying her motion which was properly converted to an application for post-conviction relief, that claim is likewise is not cognizable on federal *habeas* review and should be dismissed. "It is axiomatic that infirmities in state *habea*s proceedings do not constitute grounds for federal *habeas* relief. *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) *citing Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001); *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir.), *cert. denied*, 540 U.S. 1163, 124 S.Ct. 1170, 157 L.Ed.2d 1208 (2004), *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) and *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

With respect to petitioner's claim that she was denied her claim of ineffective assistance of counsel during her original sentencing, that claim is without merit. Petitioner argues that her thirty year sentence was "shy" of the maximum that she could have received and that counsel "did not attempt to negotiate a more suitable plea." The

record, however, reveals that counsel did negotiate a favorable plea deal for petitioner and hence was in no way Constitutionally deficient. The record reveals that petitioner had four felony charges pending against her. Counsel was able to arrange a plea to only two of the charges, for which petitioner received no additional jail time, instead allowing petitioner to be immediately released on supervision. Indeed, under the circumstances, it is difficult for this Court to imagine a better deal than that obtained by counsel. While petitioner faults counsel for not recognizing that she would likely violate the terms of her supervised probation, clairvoyance, or in this case an ability to predict future occurrences, is not a required attribute of effective representation, particularly when petitioner's subsequent behavior was completely volitional. *See Sharp v. Johnson*, 107 F.3d 282, 290 at fn. 28 (5th Cir. 1997) *quoting Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983).[8]

For these reasons, Claims 1 and 2 must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases as it plainly appears from the face of the petition and the exhibits annexed thereto that the petitioner is not entitled to relief.

**Procedural Default**

**Claims 3, 4, and 5**

In Claim 3 petitioner argues that her Constitutional rights were violated by the

---

[8] To the extent that petitioner cites *Missouri v. Frye,* 132 S.Ct. 1399 (2012) in support of her argument, that case has no application to the facts presented to this Court. In *Frye*, the Court held that counsel has a duty to timely convey formal plea offers to the defendant, and the failure to do so may constitute deficient performance. In this case, the record demonstrates that counsel conveyed the State's plea offer to petitioner and she accepted it.

Louisiana requirement that ineffective assistance claims be raised in an initial review collateral proceeding and, there was either no counsel or ineffective counsel in that proceeding; in Claims 4 and 5 she argues that the trial court imposed an excessive sentence which did not comply with the provisions of La. C.Cr.P. art. 894.1.

While these claims were raised in petitioner's applications for writs in the Third Court of Appeals and the Louisiana Supreme Court, they were not presented to the District Court in petitioner's Motion for Out of Time Appeal. As set forth above, in her motion before the District Court, petitioner argued that counsel was ineffective for failing to timely appeal the revocation of her probation and that counsel was ineffective when he failed to appeal her original conviction and sentence which allowed petitioner to receive a 30 year sentence as a first offender. Thus, petitioner did not argue the same ineffective assistance of counsel claim raised in Claim 3[9]; and, her sentencing claims were raised as ineffective assistance of counsel claims and not as here in Claims 4 and 5, as substantive claims of excessiveness of sentence.[10]

---

[9]To the extent that petitioner cites *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) in support of her argument, that case has no application to the facts presented to this Court. In *Martinez*, the Court held that in states where ineffective assistance claims are first raised by collateral proceedings, ineffective assistance of counsel in that collateral proceeding may constitute "cause" for the procedural default of a claim of ineffective assistance of trial counsel. In this case, there is no ineffective assistance of trial counsel claim which this court has deemed defaulted. To the contrary, all of petitioner's ineffective assistance claims have been addressed by this Court in connection with Claims 1 and 2 above.

[10] Of course, petitioner would have been prohibited under Louisiana law from raising her substantive sentencing claims in an application for post-conviction relief. *See State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172 (Claims of sentencing error are generally not cognizable in post-conviction proceedings.)

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal habeas claim. *Bledsue v. Johnson*, 188 F.3d 250, 254–55 (5th Cir.1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until she has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

The exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, in a procedurally proper manner, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing

13

*Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir.1993).

When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," she has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir.1989). In Louisiana, the highest court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of her federal Constitutional claims in a procedurally correct manner to the Louisiana Supreme Court.

In this case, Claims 3, 4 and 5 were not presented to the District Court and therefore were not properly before the Third Circuit Court of Appeals nor the Louisiana Supreme Court. In other words, those claims remain unexhausted. Moreover, petitioner could not now return to the state District Court to present those claims because the time limit for seeking post-conviction relief has expired. *See* La. C.Cr.P. art. 930.8. In addition, petitioner would be unable to raise her sentencing claims in an application for post-conviction relief. *See* fn. 7, *supra.*

A petitioner has "technically exhausted" her federal claims if she fails to properly

14

and timely present the claims to the state courts and is thereafter barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) citing *Coleman v. Thompson*, 501 U.S. 722, 731–33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254–55; *Fuller v. Johnson*, 158 F.3d 903, 905–06 (5th Cir.1998). In such a case, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because she has allowed his federal claims to lapse, those claims are considered "technically" procedurally defaulted. *Id.*

This Court may therefore refuse to review petitioner's claims unless petitioner demonstrates that she should be excused from application of the procedural default doctrine by showing cause and prejudice for the default[11] or that a miscarriage of justice will result from the denial of federal habeas review.[12] See *Finley*, 243 F.3d 215, 220–221

---

[11] In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, All U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (internal citations omitted).

[12] In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904. To support this assertion, the petitioner must allege that as a factual matter she did not commit the crime of which she was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Collins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct.

(5th Cir.2001); *Coleman*, *supra*; *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; Glover, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

The cause of petitioner's default was her failure to properly present the substance of her federal *habeas corpus* claims to the state District Court and thereafter to the Third Circuit Court of Appeals and the Louisiana Supreme Court. This failure was clearly not "an impediment external to the defense." Thus, petitioner has not shown "cause" for her default. This court therefore need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Likewise, petitioner has not shown that, as a factual matter, she is actually innocent of the crimes for which she was convicted, and, thus, she will not suffer a fundamental miscarriage of justice from this Court's failure to consider her claims. Indeed, petitioner admitted her guilt by pleading guilty. Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

For the reasons set forth above, petitioner's claims 3, 4, and 5 are unexhausted and

---

1454, 1471, 113 L.Ed.2d 517 (1993).

technically procedurally defaulted. Therefore, this court is precluded from reviewing the merits of those claims.

Therefore;

**IT IS RECOMMENDED** that Claims 1 and 2 of the instant petition for *habeas corpus* be summarily **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases and, that Claims 3, 4, and 5 be **DENIED AND DISMISSED WITH PREJUDICE** because those claims were not properly exhausted and are now procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Lafayette, Louisiana, July 15, 2015.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE